```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA                                  :
                                                          :
            -v-                                           :         S1 24-CR-0418 (MMG)
                                                          :
SHYMELL EPHRON,                                           :              ORDER
                                                          :
                        Defendant(s).                     :
                                                          :
------------------------------------------------------------------------X
```

MARGARET M. GARNETT, United States District Judge:

      On July 9, 2024, Defendant Shymell Ephron was charged in a seven-count indictment charging him with various crimes related to his interactions with two minor Jane Doe runaways over the course of several days in May 2024, as well as a narcotics distribution conspiracy covering a modestly longer time period.  He was arrested the following day and presented before a magistrate judge in this District.  On July 12, 2024, the Court held an arraignment and initial pre-trial conference, at which the Court ordered discovery in the possession of the Government be produced by August 2, and defense motions be filed by September 13.  On August 30, defense counsel requested a 60-day adjournment of the motions deadline; the request was opposed by the Government.  On September 6, the Court granted the motion in part, extending the motions deadline to October 25, 2024.  *See* Dkt. No. 15.  On September 10, 2024, the Court set a trial date of February 24, 2025, as well as corresponding pre-trial dates.

      A conference in this matter was held on October 1, 2024, to arraign the Defendant on the Superseding Indictment, and to discuss various discovery disputes between the Defendant and the Government.  At the conference, the Court granted defense counsel's request to adjourn the motions deadline to November 8, 2024, and requested that defense counsel update the Court by October 18 regarding the results of their expert's neuropsychological evaluation of the Defendant and whether counsel believed a competency proceeding was necessary.  On October 18, counsel submitted a letter, *ex parte* and under seal, updating the Court on their expert's evaluation and the state of their own efforts to prepare the case for trial and involve the Defendant in those efforts.  Defense counsel again requested that the Court adjourn or vacate the trial date.  At the Court's direction, counsel provided the Government a redacted version of the October 18 letter, to enable the Government to meaningfully respond to the Defendant's renewed request to adjourn the trial.  The Government opposed the request by letter on October 30, and the Defendant filed a response on October 31.  *See* Dkt. Nos. 31-36.

The Court has carefully considered the parties' written submissions, including the *ex parte* portion of the Defendant's October 18 letter; the information provided and arguments made orally at the October 1 and July 12 conferences in this matter; and both the Speedy Trial Act, 18 U.S.C. § 3161, and the Crime Victims' Rights Act, 18 U.S.C. § 3771, as well as the Defendant's constitutional right to the effective assistance of counsel and due process rights to a fair trial. This case is not "so unusual or so complex," 18 U.S.C. § 3161 (h)(7)(B)(ii), given that only one defendant is charged, the core allegations related to Jane Does 1 and 2 span the events of less than a week and the narcotics conspiracy only slightly longer, the discovery is not unusually voluminous or complex, nor does the case appear to involve novel questions of law or fact. The Court takes defense counsel at their word regarding the various challenges they face building a relationship with the Defendant and successfully involving him in the strategic decisions related to his defense. Nonetheless, under all the circumstances of this case, the Court concludes there is adequate time to ensure an effective constitutional defense at trial and an indefinite adjournment of the trial and associated deadlines is not necessary and would work a significant impairment on the interests of the victims, the public, and the Government in a reasonably speedy trial.

However, a potentially significant piece of discovery—the results of DNA testing of evidence—remains outstanding and is not due to be produced by the Government until November 30, 2024. After considering the Defendant's arguments, the Court agrees that some additional time following the Government's production of the results of the pending DNA testing is warranted to ensure that there is adequate time for defense counsel to digest the import of those results, discuss them with the Defendant, consult with their own experts and determine whether the defense will offer expert testimony on that evidence, and then procure the appropriate expert and make the required disclosures sufficiently in advance of trial. Accordingly, the Court will adjourn the trial in this matter to **Monday, March 31, 2025**. All parties should regard this as a **firm** trial date.

The Government shall provide notice of any expert witnesses it intends to call at trial pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure by no later than **December 30, 2024**. If Defendant intends to call any expert witnesses at trial, it shall provide such notice to the Government by **January 24, 2025**. Any motions to bar or restrict the testimony of a noticed expert under *Daubert* and its progeny must be filed by **February 7, 2025**, with opposition briefing due **February 21, 2025**, and reply due by **February 28, 2025**.

It is hereby ORDERED that any proposed *voir dire*, proposed jury instructions, and proposed verdict forms, as well as any motions *in limine* or trial memoranda, shall be filed by **March 14, 2025**. Any opposition to a motion *in limine* or trial memorandum shall be filed by **March 21, 2025**. Replies are not permitted without prior permission of the Court.

Pretrial filings should comport with the Court's Individual Rules and Practices for Criminal Cases, available at http://nysd.uscourts.gov/judge/Garnett. In accordance with those rule, parties should not submit courtesy copies of any submissions, unless the Court orders

otherwise, but the proposed *voir dire*, proposed jury instructions, and proposed verdict forms must be e-mailed, in Microsoft Word format, to GarnettNYSDChambers@nysd.uscourts.gov when they are filed on ECF.

It is further ORDERED that the parties appear for a final pretrial conference on **March 24, 2025**, at **1:00 p.m.** in **Courtroom 906** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York 10007.  **The final pretrial conference must be attended by the attorney who will serve as principal trial counsel.**  The parties must familiarize themselves with the Court's Individual Rules and Practices for Trials, available at http://nysd.uscourts.gov/judge/Garnett.

The next conference in this matter remains scheduled for **Monday, December 9, 2024 at 1:00 p.m.**  Time was previously excluded through this date.  At this conference, counsel should be prepared to discuss whether a jury questionnaire related to the sexual aspects of this case will be appropriate or necessary.

The Clerk of Court is respectively directed to terminate Dkt. No. 33.

Dated: November 14, 2024
       New York, New York                          SO ORDERED.

                                                   _____
                                                   MARGARET M. GARNETT
                                                   United States District Judge