UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

SHYMELL EPHRON,

              *Defendant.*

**Protective Order**

**24 Cr. 418 (MMG)**

Upon the application of defendant Shymell Ephron, with the consent of the undersigned counsel for the Government, and pursuant to Fed. R. Crim. P. 12.2 and 16, the Court hereby finds and orders as follows:

### Ephron Evaluation Records

1. The Defense will disclose to the Government any personal records in its possession related to Mr. Ephron and relied upon by its proposed expert witness, Dr. Jason Krellman, in forming the opinions proffered by Dr. Krellman in the Defense's expert notice dated January 24, 2025 and at trial ("Ephron Evaluation Records"). Ephron Evaluation Records may include material that (i) affects the privacy and confidentiality of Mr. Ephron; and /or (ii) would unduly prejudice Mr. Ephron if used by the Government for any purpose other than rebutting the Defense's evidence proffered pursuant to Fed. R. Crim. P. 12.2.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

2. The Government shall maintain Ephron Evaluation Records in a secure location and may not use such records, or information derived therefrom, for any purpose other than preparing to challenge or rebut the opinions proffered by the Defense through its proposed expert witness, Dr. Jason Krellman. Specifically, the Government may use Ephron Evaluation Records to:

a. Prepare any challenges to Dr. Krellman's proffered testimony;

b. Prepare any cross-examination of Dr. Krellman;

c. Prepare for any evaluation of Mr. Ephron that is ordered by this Court pursuant to Fed. R. Crim. P. 12.2; or

d. Prepare any other evidence intended to rebut the Defense's evidence proffered under Fed. R. Crim. P. 12.2.

3. Absent the consent of the Defense or authorization from this Court, the Government may not use Ephron Evaluation Records, or information derived therefrom, in its case-in-chief at trial. Similarly, the Government may not use Ephron Evaluation Records at any sentencing proceeding unless (i) such records become part of the trial record, or (ii) they or their content are otherwise relied upon by the Defense at sentencing.

4. The Government shall not disclose Ephron Evaluation Records to other parties, including but not limited to the public, the media, state or local law enforcement, Pretrial Services, the Department of Probation, or the Bureau of Prisons.

### Other Provisions

5. This Order does not prevent the disclosure of the Ephron Evaluation Records to any judge or magistrate judge for purposes of this action. However, any such records must be filed under seal and all filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

6. The Defense's designation of Ephron Evaluation Records will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the Government may seek de-designation by the Court. The Defense may

authorize, in writing, disclosure of Ephron Evaluation Records beyond that otherwise permitted by this Order without further Order of this Court.

7. The Government shall provide a copy of this Order to any prospective witness and persons to whom the Government has disclosed Ephron Evaluation Records. All such persons shall be subject to the terms of this Order. Counsel for the Government shall maintain a record of what information has been disclosed to which such persons.

8. Except for Ephron Evaluation Records that have been made part of the record of this case, the Government shall return to the Defense or securely destroy or delete all Ephron Evaluation Records within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the government dismissing any charges in the above-captioned case, whichever date is later. If Ephron Evaluation Records are provided to any personnel for whose conduct counsel for the Government is responsible or prospective witnesses, counsel for the Government shall make reasonable efforts to seek the return or destruction of such materials.

### Retention of Jurisdiction

9. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney

by: _____          Date: February 19, 2025

Ryan Allison
Michael Herman
Lisa Daniels
Andrew Jones
Assistant United States Attorneys

_____          Date: 2/20/25

Hannah McCrea
Amy Gallicchio
Michael Arthus
Counsel for Shymell Ephron

SO ORDERED:

Dated: New York, New York
        February __20__, 2025

_____
THE HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

4