UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA                      :
                                              :
      - v -                                   :
                                              :      **24 Cr. 418 (MMG)**
SHYMELL EPHRON**,**                           :
                  Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### DEFENDANT SHYMELL EPHRON'S
### <u>REQUESTED JURY INSTRUCTIONS</u>


Federal Defenders of New York
Attorneys for Defendant
**Shymell Ephron**
52 Duane Street - 10th Floor
New York, NY 10007
Tel.: (212) 417-8700

**Hannah McCrea, Esq.**
**Amy Gallicchio, Esq.**
**Michael Arthus, Esq.**
*Of Counsel*


TO:    MATTHEW PODOLSKY, ESQ.
       United States Attorney
       Southern District of New York
       26 Federal Plaza, 37th Floor
       New York, NY 10007
**Attn: AUSA Ryan Allison, Esq.**
       **AUSA Michael Herman, Esq.**
       **AUSA Lisa Daniels, Esq.**
       **AUSA Andrew Jones, Esq.**

# TABLE OF CONTENTS

STANDARD CHARGES...........................................................................................1

THE GOVERNMENT AS A PARTY ....................................................................2

IMPROPER CONSIDERATIONS ........................................................................3

LONG-TERM IMPACT ON WITNESSES ...........................................................5

NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY ............6

OPINION AS TO WITNESS'S CHARACTER FOR UNTRUTHFULNESS ........7

PRIOR INCONSISTENT STATEMENTS ..........................................................8

FALSUS IN UNO CHARGE .................................................................................9

MISSING WITNESS............................................................................................10

WITNESS USING OR ADDICTED TO DRUGS OR ALCOHOL .....................11

DEFENDANT'S STATEMENTS ........................................................................12

DEFENDANT'S TESTIMONY ...........................................................................13

RULE 413 EVIDENCE.........................................................................................14

THEORY OF THE DEFENSE .............................................................................15

INFERENCES ......................................................................................................16

CRIME DEFINED BY STATUTE ONLY ...........................................................18

PRESUMPTION OF INNOCENCE ....................................................................19

REASONABLE DOUBT ......................................................................................20

THE INDICTMENT .............................................................................................21

COUNT ONE: COERCION AND ENTICEMENT OF A PERSON ..................23
UNDER EIGHTEEN YEARS OLD [JANE DOE-1]: ELEMENTS GENERALLY
...............................................................................................................................23

    FIRST ELEMENT: Facility or Means of Interstate Commerce ......................23

    SECOND ELEMENT: Knowing and Intentional Coercion .............................24

    THIRD ELEMENT: Intent to Engage in Unlawful Sexual Activity ...............24

    FOURTH ELEMENT: Age of Complainant .....................................................27

COUNT TWO: COERCION AND ENTICEMENT OF A PERSON UNDER
EIGHTEEN YEARS OLD [JANE DOE-2]: ELEMENTS GENRALLY ..............28

    FIRST ELEMENT: Facility or Means of Interstate Commerce ......................28

    SECOND ELEMENT: Knowing and Intentional Coercion .............................28

    THIRD ELEMENT: Intent to Engage in Unlawful Sexual Activity ...............28

    FOURTH ELEMENT: Age of Complainant .....................................................30

COUNT THREE: CONSPIRACY TO DISTRIBUTE OR POSSESS WITH
INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES ............................32

COUNT FOUR: DISTRIBUTION OF METHAMPHETAMINE USING A
PERSON UNDER EIGHTEEN YEARS OLD [JANE DOE-1] ..........................36

COUNT FIVE: DISTRIBUTION OF METHAMPHETAMINE USING A
PERSON UNDER EIGHTEEN YEARS OLD [JANE DOE-2] ..........................37

**COUNT SIX: DISTRIBUTION OF METHAMPHETAMINE TO A PERSON UNDER 21 YEARS OLD [JANE DOE-1]**................................................................38
**COUNT SEVEN: DISTRIBUTION OF METHAMPHETAMINE TO A MINOR [JANE DOE-2]**................................................................................39
**KNOWLEDGE AND INTENT**................................................................40
**MENTAL CONDITION** ......................................................................41

# **STANDARD CHARGES**

Mr. Ephron requests that the Court give its customary instructions to the jury regarding the following topics. He reserves the right to propose additional language or object to the Court's standard charges once they have been provided, and to make additional charge requests as further discovery is provided and the trial unfolds. As to all requested charges, Mr. Ephron asks that the charges be modified to refer to him as "Mr. Ephron," rather than "the defendant."

1. Role of the Court
2. Role of the Jury
3. Prohibition on Communication with Others About Case, Conducting Outside Research, or Consulting the Internet
4. Direct and Circumstantial Evidence
5. Counsel's Questions and Statements are Not Evidence
6. Testimony and Exhibits
7. Objections
8. Stipulations
9. Charts and Summaries
10. Witness Credibility Generally
11. Bias and Hostility
12. Sympathy
13. Interest in Outcome
14. Law Enforcement Witnesses
15. Expert Witnesses
16. Redaction of Exhibits
17. Communication with the Court
18. Unanimity
19. Right to See Exhibits and Hear Testimony
20. Duty to Consult with Each Other

## <u>THE GOVERNMENT AS A PARTY</u>

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the government or Mr. Ephron, stand as equals at the bar of justice.[1]

---

[1] Adapted from charge delivered in *United States v. Anibal Soto*, 12-Cr-556 (RPP), and *United States v. Lawrence Ray*, 20-Cr-110 (LJL).

## IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence or lack of evidence at trial, and the law as I instruct you. In reaching your decision as to whether the prosecution has met its burden of proof, it would be improper for you to consider any personal feelings you may have about Mr. Ephron's race, religion, national origin, appearance, sex, age, or disabilities. All persons are entitled to the presumption of innocence and the prosecution has the burden of proof.

Similarly, you should not permit your deliberations or decision to be influenced by unconscious or implicit biases.

Growing scientific research indicates that each one of us has "implicit biases" or hidden feelings, perceptions, fears and stereotypes in our subconscious. All of us, no matter how hard we try, tend to look at other people through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. Often we see life and evaluate evidence through a filter that tends to favor those like ourselves. While it is difficult to control one's subconscious thoughts, being aware of these hidden biases can help counteract them. As a result, I ask you to recognize that all of us may be affected by implicit biases in the decisions that we make. Because you are making very important decisions in this case, I strongly encourage you to critically evaluate the evidence and resist any urge to reach a verdict influenced by stereotypes, generalizations, or implicit biases.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Everyone has feelings, assumptions, perceptions, fears, and stereotypes—that is unconscious biases—that we may not be aware of. These hidden thoughts can impact our impressions of what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict based solely on the evidence or lack of evidence; your individual evaluations of that evidence and of the credibility of witnesses; your reason; your common sense; and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.[2]

---

[2] Adapted from Sand Inst. 2-11; the charge in *United States v. McDaniels*, 17-CR-184 (JVF)(S.D.N.Y); and Hon. Mark W. Bennett, *Unraveling the Gordian Knot of Implicit Bias*

---

*in Jury Selection: The Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson and Proposed Solutions*, 4 Harv. L. & Pol'y Rev. 149, 171 n.85 (2010) (explaining instruction he gives in every jury trial).

## LONG-TERM IMPACT ON WITNESSES

[The government has indicated that it will move to introduce evidence regarding the long-term impact of the alleged conduct on its witnesses. Once the defense learns precisely what the evidence consists of and the government's theory of relevancy, and if the Court rules that any such evidence is admissible, the defense will submit a proposed charge.]

## NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness, even if that witness has not been contradicted or impeached, in the event you do not find the witness to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.[3]

---

[3] Adapted from Sand Inst. 4-3.

## <u>OPINION AS TO WITNESS'S CHARACTER FOR UNTRUTHFULNESS</u>

You have heard [WITNESS-1] testify that in his opinion [WITNESS-2] is an untruthful person. Since you are the sole judges of the facts and the credibility of witnesses, you may consider such evidence in deciding whether or not to believe [WITNESS-2], whose character for truthfulness has been questioned, giving such character evidence whatever weight you deem appropriate.[4]

---

[4] Adapted from Sand Inst. 5-18.

## <u>PRIOR INCONSISTENT STATEMENTS</u>

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness. I emphasize that those earlier statements were not offered for their truth, and may not be considered by you as evidence of what actually happened.

If you believe that a witness has been discredited by his or her prior inconsistent statements, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.[5]

---

[5] Adapted from Fifth Circuit Pattern Criminal Jury Inst. 1.10.

## **FALSUS IN UNO CHARGE**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.[6]

---

[6] Adapted from Third Circuit Model Criminal Jury Inst. 4.26.

## <u>MISSING WITNESS</u>

You have heard evidence about a witness, [JANE DOE-1], who has not been called to testify. Mr. Ephron has argued that [JANE DOE-1] could have given material testimony in this case and that the prosecution was in the best position to call [JANE DOE-1].

If you find that [JANE DOE-1] could have been called by the prosecution and would have given important testimony, and that the government was in the best position to call her, but failed to do so, you are permitted, but you are not required, to infer that the testimony of [JANE DOE-1] would have been unfavorable to the government.

In deciding whether to draw an inference that [JANE DOE-1] would have testified unfavorably to the government, you may consider whether her testimony would have merely repeated other testimony and evidence already before you.[7]

---

[7] Adapted from Sand Inst. 6-5.

## WITNESS USING OR ADDICTED TO DRUGS OR ALCOHOL

There has been evidence introduced at the trial that the prosecution called as a witness a person who was using (or addicted to) drugs or alcohol when the events she observed took place, or who is now using drugs or alcohol. I instruct you that there is nothing improper about calling such a witness to testify about events within her personal knowledge.

On the other hand, her testimony must be examined with greater scrutiny than the testimony of any other witness. The testimony of a witness who was using drugs or alcohol at the time of the events she is testifying about, or who is using drugs or alcohol (or an addict) at the time of her testimony may be less believable because of the effect the drugs or alcohol may have on her ability to perceive, remember, or relate the events in question.

If you decide to accept her testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.[8]

---

[8] Adapted from Sand Inst. 7-9.1.

## <u>DEFENDANT'S STATEMENTS</u>

There has been evidence that Mr. Ephron made certain statements to law enforcement during an interrogation.

In deciding what weight to give Mr. Ephron's statements, you should first examine with great care whether each statement was voluntarily, freely, and understandingly made. In making this decision, you should consider all matters in evidence, including those concerning Mr. Ephron himself and the circumstances under which the statement was made. For example, consider Mr. Ephron's age, education, occupation, and physical and mental condition, and any evidence concerning his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.[9]

---

[9] Adapted from Sand Inst. 5-19 and cited pattern jury instructions accompanying that instruction.

## **DEFENDANT'S TESTIMONY**

[Mr. Ephron has not yet made a decision regarding whether to testify. Once that decision is made, the defense will provide a proposed jury charge on this topic.]

## **RULE 413 EVIDENCE**

[The government has indicated it intends to file a motion to admit Rule 413 evidence. Mr. Ephron intends to submit a proposed Rule 413 charge once the government specifies what evidence it seeks to admit, and if the Court rules any such evidence admissible].

## <u>THEORY OF THE DEFENSE</u>

[The defense intends to request a theory of the defense charge, which will be provided in more detail at the mid-trial charge conference.]

## INFERENCES

During the trial, and as I give you these instructions, you have heard and will hear the term "inference." For instance, in their closing arguments, the attorneys have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

I have instructed you on circumstantial evidence and that it involves inferring a fact based on other facts, your reason, and common sense.

What is an "inference"? What does it mean to "infer" something? An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists based on another fact that you are satisfied exists. There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The prosecution asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted but not required to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

Therefore, while you are considering the evidence presented to you, you may draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Some inferences, however, are impermissible. You may not infer that Mr. Ephron is guilty of participating in criminal conduct if you find merely that he was present at the time a crime was being committed and had knowledge that it was being committed. Nor may you use evidence that I have instructed you was admitted for a limited purpose for any inference beyond that limited purpose.

In addition, you may not infer that Mr. Ephron is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing or merely because he has or had knowledge of the wrongdoing of others.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of Mr. Ephron beyond a reasonable doubt as to each

count charged.[10] If you are not satisfied of Mr. Ephron's guilt beyond a reasonable doubt, you must find him not guilty.

---

[10] Adapted from charge of Hon. Alison Nathan in *United States v. Jones*, 16-Cr-553, and *United States v. Pizarro*, 17-Cr-151.

## <u>CRIME DEFINED BY STATUTE ONLY</u>

In our system, we only have crimes that are defined by statute. The fact that something may seem morally wrong to you may not be considered by you in deciding whether any crime has been committed. Statutes define our crimes, and from time to time, I will talk to you about the individual statutes and how they break down into elements so you can consider the elements the government must prove. Some vague feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. You must break the statute down to the elements and see if there is proof beyond a reasonable doubt as to each one of those elements. Only then, with that determination made, can you render a verdict.[11]

---

[11] Adapted from the charge of Hon. Thomas Duffy in *United States v. Scherer*, 92-Cr-698 (KTD).

## PRESUMPTION OF INNOCENCE

Mr. Ephron has pled not guilty. In so doing, he has denied the allegations against him. As a result of Mr. Ephron's plea of not guilty, the burden is on the government to prove his guilt beyond a reasonable doubt. This burden never shifts to Mr. Ephron. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes Mr. Ephron to be innocent of all charges against him. I therefore instruct you that Mr. Ephron is to be presumed by you to be innocent now and throughout your deliberations.

Mr. Ephron began the trial here with a clean slate. The presumption of innocence alone is sufficient to find Mr. Ephron not guilty of each charge. The presumption of innocence remains with Mr. Ephron unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt on a given charge, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden of proof on a given charge, you must find Mr. Ephron not guilty of that charge. This presumption was with Mr. Ephron when the trial began, remains with him even now as I speak to you and will continue with him into your deliberations unless and until you are convinced that the government has proven beyond a reasonable doubt that he is guilty of a particular charge.[12]

---

[12] Adapted from the charge of Hon. Denny Chin in *United States v. Smith*, 08-Cr-84.

## **REASONABLE DOUBT**

I have said that, in order to convict Mr. Ephron of a given charge, the government is required to prove that charge beyond a reasonable doubt. The question naturally is what is a reasonable doubt?

The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The government must overcome the presumption of innocence in order to do that. This burden never shifts to Mr. Ephron. Even if Mr. Ephron has presented evidence in his defense, it is not his burden to prove himself not guilty. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

Reasonable doubt may be based on a fair and impartial consideration of all the evidence, lack of evidence, and inconsistencies in the evidence. If, after fair and impartial consideration of all the evidence and any lack of evidence, you are satisfied that the government has proven every element beyond a reasonable doubt with respect to a particular charge against him, you should vote to convict. If after fair and impartial consideration of this evidence you have a reasonable doubt as to Mr. Ephron's guilt with respect to an element of a particular charge, it is your duty to find him not guilty of that charge.[13]

---

[13] Adapted from Sand Inst. 4-2.

## THE INDICTMENT

Mr. Ephron is charged with various crimes about which I will instruct you shortly. Each charge is called a "count." I will refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence.[14]

I repeat: the indictment is not evidence. As I instructed you at the outset of the case, the indictment is a charge or accusation. It merely describes the charges made against Mr. Ephron. An indictment is a formal method of bringing a case into court for trial and determination by a jury. It creates no presumption that a crime was committed, and no inference of any kind may be drawn from an indictment. You may not consider an indictment as any evidence of Mr. Ephron's guilt. The fact that Mr. Ephron is the subject of this indictment and is on trial here may not be used against him in any way whatsoever.[15]

The indictment contains seven counts, and you will be called upon to render a separate verdict on each count. Whether you find Mr. Ephron guilty or not guilty as to one offense should not affect your verdict as to any other offense charged. I will first summarize the charges and then will give you the law in more detail.[16]

Count one charges Mr. Ephron with intentionally using a means or facility of interstate commerce to coerce a person under eighteen years old to engage in unlawful sexual activity, from May 17, 2024, to May 22, 2024. That count relates to [JANE DOE-1].[17]

Count two charges Mr. Ephron with intentionally using a means or facility of interstate commerce to coerce a person under eighteen years old to engage in unlawful sexual activity, from May 17, 2024, to May 22, 2024. That count relates to [JANE DOE-2].

Count three charges Mr. Ephron with conspiring with others to violate the drug laws of the United States, specifically by distributing or possessing with intent to distribute more than 50 grams of methamphetamine, and by distributing or possessing with intent to distribute an amount of cocaine, from May to July 2024.

---

[14] Adapted from Sand Inst. 3-1.
[15] Adapted from instruction in *United States v. Ray*, 20-Cr-110 (LJL).
[16] Adapted from Sand Inst. 3-6.
[17] The "Jane Doe" pseudonyms are being utilized throughout Mr. Ephron's charge requests as placeholders until the government and defense agree on appropriate pseudonyms to be used at trial.

Count four charges Mr. Ephron violating the law against distributing a controlled substance, specifically methamphetamine, using a person under eighteen years old, on or about May 18, 2024. That count relates to [JANE DOE-1].

Count five charges Mr. Ephron with violating the law against distributing a controlled substance, specifically methamphetamine, using a person under eighteen years old, on or about May 18, 2024. That count relates to [JANE DOE-2].

Count six charges Mr. Ephron with violating the law against distributing a controlled substance, specifically methamphetamine, to a person under 21 years old, on or about May 18, 2024. That count relates to [JANE DOE-1].

Count seven charges Mr. Ephron with violating the law against distributing a controlled substance, specifically methamphetamine, to a person under 21 years old, on May 18, 2024. That count relates to [JANE DOE-2].

Mr. Ephron has denied that he is guilty of these charges.

## COUNT ONE: COERCION AND ENTICEMENT OF A PERSON UNDER EIGHTEEN YEARS OLD [JANE DOE-1]: ELEMENTS GENERALLY

The first count of the indictment charges Mr. Ephron with using a facility and means of interstate commerce to persuade, induce, entice, and coerce [JANE DOE-1], who was under 18, to engage in illegal sexual activity.

In order to prove Mr. Ephron guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Ephron used a facility and means of interstate commerce as alleged in the indictment;

Second, that Mr. Ephron knowingly and intentionally persuaded, induced, enticed, and coerced [JANE DOE-1] to engage in sexual activity;

Third, that Mr. Ephron intended to engage in sexual activity with [JANE DOE-1] at the time he persuaded, induced, enticed, and coerced her using a facility and means of interstate commerce, and that the intended sexual activity was illegal under New York law; and

Fourth, that [JANE DOE-1] was less than seventeen years old at the time of the acts alleged in the
Indictment, and that Mr. Ephron knew this.[18]

### FIRST ELEMENT: Facility or Means of Interstate Commerce

The first element that the government must prove beyond a reasonable doubt is that Mr. Ephron used a facility or means of interstate commerce as alleged in the indictment.[19] Interstate commerce consists of the buying and selling of goods, and services trafficked, across state lines.[20]

---

[18] Adapted from Sand Inst. 64-11; *United States v. Kelly,* 128 F.4th 387, 413 (2d Cir. 2025); *United States v. Murphy*, 942 F.3d 73, 79-84 (2d Cir. 2019); *United States v. Schaffer*, 851 F.3d 166, 182 (2d Cir. 2017); *United States v. Broxmeyer*, 616 F.3d 120, 129 (2d Cir. 2010). This element is fact-specific and we reserve the right to supplement this charge at trial.
[19] Adapted from Sand Inst. 64-12.
[20] Adapted from Art. I, § 8, cl. 3; *Sackett v. Env't Prot. Agency*, 598 U.S. 651, 708–09 (2023) (Thomas, Gorsuch, JJ., concurring in the judgment); *Taylor v. United States*, 579 U.S. 301, 313 (2016) (Thomas, J., dissenting); *Gonzales v. Raich*, 545 U.S. 1, 58–60 (2005) (Thomas, J., dissenting); *United States v. Morrison*, 529 U.S. 598, 627 (2000) (Thomas, J., concurring); *United States v. Lopez*, 514 U.S. 549, 585 (1995) (Thomas, J., concurring).

## SECOND ELEMENT: Knowing and Intentional Coercion

The second element that the government must prove beyond a reasonable doubt is that Mr. Ephron knowingly and intentionally persuaded, induced, enticed, and coerced [JANE DOE-1] to engage in sexual activity.

I will define the terms "knowing" and "intentional" for you later in these instructions.

The words persuade, induced, entice, and coerce should be given their ordinary meanings.[21] Mere asking, however, would not be sufficient to satisfy this element.[22]

## THIRD ELEMENT: Intent to Engage in Unlawful Sexual Activity

The third element that the government must prove beyond a reasonable doubt is both that Mr. Ephron intended to engage in sexual activity with [JANE DOE-1], and that the sexual activity he intended wass unlawful under New York law.[23]

The government must prove this intent to engage in unlawful sexual activity existed at the time of the inducement, persuasion, enticement or coercion. It is not sufficient that the intent arose later, after the inducement, persuasion, enticement or coercion occurred.[24]

As I said, the defendant must have intended, at the time of the coercion, to engage in sexual activity that is unlawful under New York law. Now I will define the New York crimes:

Count I of the Indictment alleges that Mr. Ephron intentionally coerced [JANE DOE-1] to engage in sexual activity in violation of New York Penal Law § 130.25(2), Rape in the Third Degree; and New York Penal Law § 130.25(2), Forcible Touching;

---

[21] Adapted from Sand Inst. 64-13.

[22] *United States v. Waqar*, 997 F.3d 481 (2d Cir. 2021).

[23] Adapted from *United States v. Kelly,* 128 F.4th 387, 413 (2d Cir. 2025) ("As the district court held, 'the government was required to prove that [Kelly] transported Jane and Faith with the intent of engaging in sexual activity with them, and that the intended sexual activity was illegal.'"); *United States v. Murphy*, 942 F.3d 73, 79-84 (2d Cir. 2019).

[24] Adapted from *United States v. Schaffer*, 851 F.3d 166, 182 (2d Cir. 2017) ("To prove that Schaffer committed the crimes charged in the indictment, the government had to establish that Schaffer intended to engage in sexual acts with Sierra at the time he asked her to travel to New Jersey."); *United States v. Broxmeyer*, 616 F.3d 120, 129 (2d Cir. 2010) ("The plain wording of the statute requires that the mens rea of intent coincide with the actus reus of crossing state lines.").

and New York Penal Law § 130.55, Sexual Abuse in the Third Degree; and New York Penal Law § 130.40(2), Criminal Sexual Act in the Third Degree.[25]

The jury must be unanimous as to which violation of New York law the defendant intended.[26]

The elements of these state offenses are:[27]

<u>Rape in the Third Degree</u>

A person is guilty of rape in the third degree when:

Being twenty-one years old or more, he or she engages in sexual intercourse with another person less than seventeen years old;

It is an element of this offense that the sexual intercourse was committed without the consent of that other person. Sexual intercourse takes place without a person's consent when that person is deemed by law to be incapable of consent. A person is deemed incapable of consenting to sexual intercourse when he or she is less than seventeen (17) years old.

<u>Forcible Touching</u>

A person is guilty of forcible touching when such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of

---

[25] Adapted from Sand Inst. 64-13.1.

[26] Adapted from charge of Hon. Richard M. Berman in *United States v. Hadden*, 20-cr-00468 ("All jurors must agree as to at least one of the . . . alleged New York State unlawful sexual activities"). Juror unanimity is required as to the elements of a crime, as opposed to the mere means by which an offense is committed. *See Richardson v. United States*, 526 U.S. 813, 817 (1999). Here, the specific intent to commit an enumerated, crime is an element of the crime charged. In the Mann Act context, Seventh Circuit has held it was error for the court to permit the conviction of a defendant for enticing a minor to engage in sexual activity in violation of state law and 18 U.S.C. § 2422(b) without requiring unanimity as to the specific state crime the defendant committed. *United States v. Mannava*, 565 F.3d 412 (7th Cir. 2009). "The liability created by 18 U.S.C. § 2422(b) depends on the defendant's having violated another statute, and the elements of the offense under that other statute must therefore be elements of the federal offense in order to preserve the requirement of jury unanimity." *Id.* at 415. The issue does not appear to have been decided by the Second Circuit, although it has noted the existence of a Circuit split. *United States v. Vickers*, 708 Fed. Appx. 732, 736 n. 1 (2d Cir. 2017) (summary order).

[27] The following state crime instructions are simplified as Hon. Alison Nathan did in *United States v. Maxwell*, 20-cr-330 and adapted from the relevant New York Pattern Criminal Jury Instructions, available at https://www.nycourts.gov/judges/cji/2-PenalLaw/130/art130hp.shtml and

another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire.

It is an element of this offense that the sexual act was committed without consent. Forcible touching takes place without a person's consent when it results from any circumstances in which a person does not expressly or impliedly acquiesce to the actor's conduct.
Forcibly touching another includes squeezing, grabbing, pinching, rubbing, or other bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts.

Sexual Abuse in the Third Degree

A person is guilty of Sexual Abuse in the Third Degree when he or she subjects another person to sexual contact without that person's consent.

Sexual contact means any touching of the sexual or other intimate parts of a person for the purpose of gratifying the sexual desire of either party. It includes the touching of the actor by the victim as well as the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed.

Sexual contact takes place without a person's consent when the lack of consent results from forcible compulsion, which means to intentionally compel either by the use of physical force; or by a threat, express or implied, which places a person in fear of immediate death or physical injury to himself or herself.

Sexual contact also takes place without a person's consent when that person is deemed incapable of consent. A person is deemed incapable of consent to sexual contact when he or she is less than seventeen (17) years old

Criminal Sexual Act in the Third Degree

A person is guilty of criminal sexual act in the third degree when: Being twenty-one years old or more, he or she engages in oral sexual conduct or anal sexual conduct with a person less than seventeen years old without such person's consent.

A person engages in such conduct with another person without such person's consent when there is a lack of consent to the act. Lack of consent results when that person is deemed by law to be incapable of consent. A person is

26

deemed incapable of consenting to such sexual conduct when he or she is less than seventeen (17) years old.

## FOURTH ELEMENT: Age of Complainant

The fourth element that the government must prove beyond a reasonable doubt is that [JANE DOE-1] was less than seventeen years old at the time of the acts alleged in the indictment.

The government must also prove that Mr. Ephron knew that [JANE DOE-1] was less than seventeen years old at the time.[28]

If you find that the government has proven all four of those elements beyond a reasonable doubt, you may find Mr. Ephron guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, you must find Mr. Ephron not guilty.

---

[28] Adapted from Sand Inst. 64-14 and the charge of Hon. Alison Nathan in *United States v. Maxwell*, 20-cr-330. There is a presumption that a scienter requirement should apply to "each of the statutory elements that criminalize otherwise innocent conduct." *United States v. X-Citement Video, Inc.,* 513 U.S. 64, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994). In *United States v. Murphy*, 942 F.3d 73, 79-84 (2d Cir. 2019), the Second Circuit held that, under the analogous 18 U.S.C. § 2423(b), a defendant must know the age of the victim where the victim's age distinguishes lawful from unlawful conduct. *See also United States v. Jennings*, 471 F.2d 1310, 1313 (2d Cir. 1973) (noting that culpability for a crime with a knowing mens rea "turns upon the defendant's knowledge or belief" that the requisite facts exist). In *Maxwell*, 20-cr-330, the government agreed that knowledge of age was a required element, ECF 410 at 23-24, and the jury was so charged.

## COUNT TWO: COERCION AND ENTICEMENT OF A PERSON UNDER EIGHTEEN YEARS OLD [JANE DOE-2]: ELEMENTS GENRALLY

The second count of the indictment charges Mr. Ephron with using a facility and means of interstate commerce to persuade, induce, entice, and coerce [JANE DOE-2], who was under 18, to engage in illegal sexual activity.

This count is similar to Count One but does contain some differences. Therefore, I may refer back to previous definitions or instructions.

In order to prove Mr. Ephron guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Ephron used a facility and means of interstate commerce as alleged in the indictment;

Second, that Mr. Ephron knowingly and intentionally persuaded, induced, enticed, and coerced [JANE DOE-2] to engage in sexual activity;

Third, that Mr. Ephron intended to engage in sexual activity with [JANE DOE-2] at the time he persuaded, induced, enticed, and coerced her using a facility or means of interstate commerce, and that the intended sexual activity was illegal under New York law; and

Fourth, that [JANE DOE-2] was less than eighteen years old at the time of the acts alleged in the
Indictment.[29]

### FIRST ELEMENT: Facility or Means of Interstate Commerce

I previously defined this element for Count One. It is the same for this count.

### SECOND ELEMENT: Knowing and Intentional Coercion

I previously defined this element for Count One. It is the same for this count.

### THIRD ELEMENT: Intent to Engage in Unlawful Sexual Activity

I will instruct you on this element because in some ways it is different from this element in Count One.

---

[29] Adapted from Sand Inst. 64-11; *United States v. Kelly,* 128 F.4th 387, 413 (2d Cir. 2025); *United States v. Schaffer*, 851 F.3d 166, 182 (2d Cir. 2017); *United States v. Broxmeyer*, 616 F.3d 120, 129 (2d Cir. 2010).

I repeat the following: The third element that the government must prove beyond a reasonable doubt is both that Mr. Ephron intended to engage in sexual activity with [JANE DOE-2], and that the sexual activity he intended was unlawful under New York law.[30]

The government must prove this intent to engage in unlawful sexual activity existed at the time of the inducement, persuasion, enticement or coercion. It is not sufficient that the intent arose later, after the inducement, persuasion, enticement or coercion occurred.[31]

Violations of New York law:

As I said, Mr. Ephron must have intended, at the time of the coercion, to engage in sexual activity that was unlawful under New York law. Now I will define those New York crimes:

Count II alleges that Mr. Ephron intentionally coerced [JANE DOE-2] to engage in sexual activity in violation of New York Penal Law § 130.35(1), Rape in the First Degree; and New York Penal Law § 130.25(2), Forcible Touching; and New York Penal Law § 130.55, Sexual Abuse in the Third Degree; and New York Penal Law § 130.40(3), Criminal Sexual Act in the Third Degree.[32]

I remind you that the jury must be unanimous as to which violation of New York law Mr. Ephron intended.[33]

The elements of the state offenses relevant to this Count are:[34]

---

[30] Adapted from *United States v. Kelly,* 128 F.4th 387, 413 (2d Cir. 2025) ("As the district court held, 'the government was required to prove that [Kelly] transported Jane and Faith with the intent of engaging in sexual activity with them, and that the intended sexual activity was illegal.'"); *United States v. Murphy*, 942 F.3d 73, 79-84 (2d Cir. 2019).

[31] Adapted from *United States v. Schaffer*, 851 F.3d 166, 182 (2d Cir. 2017) ("To prove that Schaffer committed the crimes charged in the indictment, the government had to establish that Schaffer intended to engage in sexual acts with Sierra at the time he asked her to travel to New Jersey."); *United States v. Broxmeyer*, 616 F.3d 120, 129 (2d Cir. 2010) ("The plain wording of the statute requires that the mens rea of intent coincide with the actus reus of crossing state lines.").

[32] Adapted from Sand Inst. 64-13.1.

[33] Juror unanimity is required as to the elements of a crime, as opposed to the mere means by which an offense is committed. *See Richardson v. United States*, 526 U.S. 813, 817 (1999). Here, the specific intent to commit an enumerated, crime is an element of the crime charged.

[34] The following state crime instructions are simplified as Hon. Alison Nathan did in *United States v. Maxwell*, 20-cr-330 and adapted from the relevant New York Pattern Criminal

<u>Rape in the First Degree</u>

A person is guilty of rape in the first degree when he engages in in sexual intercourse with another person by forcible compulsion. It is an element of this offense that the sexual act was committed without consent. Sexual intercourse takes place without a person's consent when the lack of consent results from forcible compulsion.

<u>Forcible Touching</u>

I defined this crime previously.

<u>Sexual Abuse in the Third Degree</u>

I defined this crime previously.

<u>Criminal Sexual Act in the Third Degree</u>

I will define this crime because it is different in some ways from that in Count One.

A person is guilty of criminal sexual act in the third degree when he engages in oral sexual conduct or anal sexual conduct with a person without such person's consent.

A person engages in such conduct with another person without such person's consent when there is a lack of consent to the act. Lack of consent results from circumstances under which, at the time of the sexual conduct, the complainant clearly expressed that he or she did not consent to engage in such act, and a reasonable person in the actor's situation would have understood the complainant's words and acts as an expression of lack of consent to such act under all the circumstances.

## **FOURTH ELEMENT: Age of Complainant**

The fourth element that the government must prove beyond a reasonable doubt is that [JANE DOE-2] was less than eighteen years old at the time of the acts alleged in the indictment.

If you find that the government has proven all four of those elements beyond a reasonable doubt, you may find Mr. Ephron guilty. If, on the other hand, you have a

---

Jury Instructions, available at https://www.nycourts.gov/judges/cji/2-PenalLaw/130/art130hp.shtml and

reasonable doubt after careful consideration of all of the evidence as to any of the elements, you must find Mr. Ephron not guilty.

## COUNT THREE: CONSPIRACY TO DISTRIBUTE OR POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES[35]

The third count charges Mr. Ephron with conspiring to distribute and possess with intent to distribute (i) fifty grams or more of mixtures and substances containing methamphetamine; and (ii) mixtures and substances containing a detectable amount of cocaine.

A conspiracy is a kind of criminal partnership. For you to find Mr. Ephron guilty of this count, the government must prove each and every one of the following elements beyond a reasonable doubt:

**First**: That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). I will explain the elements of this offense to you shortly;

**Second**: That Mr. Ephron was a party to or member of that agreement; and

**Third**: That Mr. Ephron joined the agreement or conspiracy knowing of its objectives to distribute and possess with the intent to distribute a controlled substance, in violation of the controlled substance laws, and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that Mr. Ephron and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

**Fourth**: As to the conspiracy objective concerning methamphetamine only, that the weight of the methamphetamine which was within the scope of the conspiracy and reasonably foreseeable to the defendant was 50 grams or more. In making this decision, you may attribute to Mr. Ephron only the quantity distributed or possessed with intent to distribute which was within the scope of the conspiracy and reasonably foreseeable to him.

Conspiracy

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute and possess with intent to distribute mixtures and substances containing methamphetamine, and mixtures and substances containing cocaine.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that

---

[35] Conspiracy charges are highly fact-dependent. We reserve the right to supplement or amend this charge request based on the proof adduced at trial.

people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. Nor is a single transaction between a buyer and a seller sufficient to establish the existence of a conspiracy. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute and possess with intent to distribute mixtures and substances containing methamphetamine, and mixtures and substances containing cocaine. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

One more point about the agreement. The indictment accuses Mr. Ephron of conspiring to commit several drug crimes. The government does not have to prove that Mr. Ephron agreed to commit all these crimes. But the government must prove an agreement to commit at least one of them, beyond a reasonable doubt, for you to return a guilty verdict on the conspiracy charge.

Joining and Scope of Conspiracy

With regard to the second element—Mr. Ephron's connection to the conspiracy—the government must prove that Mr. Ephron knowingly and voluntarily joined that agreement.

The government must prove that Mr. Ephron knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

This does not require proof that Mr. Ephron knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that Mr. Ephron played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that Mr. Ephron simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because Mr. Ephron may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that Mr. Ephron joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

<u>The objects of the conspiracy: possession with the intent to distribute and distribution</u>

The criminal agreement alleged here is a conspiracy to distribute and possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

The elements of the possession crime are as follows:

First, that one possesses a controlled substance;

Second, that one knows that he possesses a controlled substance; and

Third, that one possesses the controlled substance with the intent to distribute it.

And the elements of the distribution crime are as follows:

First, that one distributes a controlled substance; and

Second, that one distributes the controlled substance knowingly.

To summarize, the government must prove that the alleged conspiracy was to commit these offenses, as I have defined them for you.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find Mr. Ephron guilty of the conspiracy charge. [36]

If you find that the government has proven all of those elements beyond a reasonable doubt, you may find Mr. Ephron guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, you must find Mr. Ephron not guilty.

---

[36] Adapted from Third Circuit Pattern Jury Instruction 6.21.846B; Sixth Circuit Pattern Jury Instruction 14.05; and Sand Inst. 56-2.

## COUNT FOUR: DISTRIBUTION OF METHAMPHETAMINE USING A PERSON UNDER EIGHTEEN YEARS OLD [JANE DOE-1]

The fourth count of the indictment charges Mr. Ephron with distributing methamphetamine using a person under eighteen years old, in this instance [JANE DOE-1].

To convict Mr. Ephron of this count, the prosecution must prove beyond a reasonable doubt all of the following four elements:

First, that on or about May 18, 2024, Mr. Ephron knowingly and intentionally employed, hired, used, persuaded, induced, enticed or coerced [JANE DOE-1] to distribute methamphetamine to others;

Second, that Mr. Ephron knowingly and intentionally provided [JANE DOE-1] with methamphetamine for that purpose;

Third, that Mr. Ephron knew that [JANE DOE-1] was under eighteen years of age at the time; and

Fourth, that Mr. Ephron was over 18 years of age at the time.

If you find that the government has proven all four of those elements beyond a reasonable doubt, you may find Mr. Ephron guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, you must find Mr. Ephron not guilty.

## COUNT FIVE: DISTRIBUTION OF METHAMPHETAMINE USING A PERSON UNDER EIGHTEEN YEARS OLD [JANE DOE-2]

The fifth count of the indictment charges Mr. Ephron with distributing methamphetamine using a person under eighteen years old, in this instance [JANE DOE-2].

To convict Mr. Ephron of this count, the prosecution must prove beyond a reasonable doubt all of the following four elements:

First, that on or about May 18, 2024, Mr. Ephron knowingly and intentionally employed, hired, used, persuaded, induced, enticed or coerced [JANE DOE-2] to distribute methamphetamine to others;

Second, that Mr. Ephron knowingly and intentionally provided [JANE DOE-2] with methamphetamine for that purpose;

Third, that Mr. Ephron knew that [JANE DOE-2] was under eighteen years of age at the time; and

Fourth, that Mr. Ephron was over 18 years of age at the time.

If you find that the government has proven all four of those elements beyond a reasonable doubt, you may find Mr. Ephron guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, you must find Mr. Ephron not guilty.

## COUNT SIX: DISTRIBUTION OF METHAMPHETAMINE TO A PERSON UNDER 21 YEARS OLD [JANE DOE-1]

The sixth count charges Mr. Ephron with distributing methamphetamine to a person under 21 years old, in this instance [JANE DOE-1].

To convict Mr. Ephron of this count, the prosecution must prove beyond a reasonable doubt all of the following four elements:

First, that on or about May 18, 2024, Mr. Ephron knowingly and intentionally distributed methamphetamine to [JANE DOE-1];

Second, that [JANE DOE-1] was under twenty-one years old at the time;

And third, that Mr. Ephron was over 18 years of age at the time.

If you find that the government has proven all three of those elements beyond a reasonable doubt, you may find Mr. Ephron guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, you must find Mr. Ephron not guilty.

## COUNT SEVEN: DISTRIBUTION OF METHAMPHETAMINE TO A MINOR [JANE DOE-2]

The seventh count charges Mr. Ephron with distributing methamphetamine to a person under 21 years old, in this instance [JANE DOE-2].

To convict Mr. Ephron of this count, the prosecution must prove beyond a reasonable doubt all of the following four elements:

First, that on or about May 18, 2024, Mr. Ephron knowingly and intentionally distributed methamphetamine to [JANE DOE-2];

Second, that [JANE DOE-2] was under twenty-one years old at the time;

And third, that Mr. Ephron was over 18 years of age at the time.

If you find that the government has proven all three of those elements beyond a reasonable doubt, you may find Mr. Ephron guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, you must find Mr. Ephron not guilty.

## <u>KNOWLEDGE AND INTENT</u>

During these instructions, you have heard me use the words "knowingly" and "intentionally" from time to time.

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. A person acts "intentionally" when he acts deliberately and purposefully. That is, Mr. Ephron's acts must have been the product of his conscious, objective, purposeful decision rather than the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about Mr. Ephron's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to Mr. Ephron's state of mind. Indeed, in your everyday affairs, you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same.[37]

---

[37] Adapted from the charge in *United States v. Raniere*, 18-Cr-204, and *United States v. Ray*, 20-Cr-110.

## **MENTAL CONDITION**

You have heard evidence that Mr. Ephron suffers from mental conditions including cognitive impairments.

You may consider this evidence when determining whether the prosecution has proven that Mr. Ephron had the intent and knowledge to commit the crimes charged in the indictment. Mr. Ephron is not required to prove beyond a reasonable doubt that he suffers from any mental conditions, nor is he required to prove that he is innocent of the charged crimes. The burden of proof remains with the government to prove that he had the required intent and knowledge beyond a reasonable doubt.