UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>SHYMELL EPHRON, a/k/a "SHY",<br><br>Defendant. | 24-cr-00418 (MMG)<br><br>**OPINION & ORDER** |

MARGARET M. GARNETT, United States District Judge:

## INTRODUCTION

This case is scheduled for trial on March 31, 2025. The issue now before the Court is whether Defendant Shymell Ephron ("Defendant") may support a defense against charges of enticement of a minor, distribution of a controlled substance to a minor, and distribution of a controlled substance using a minor, by arguing that he did not know his alleged victims were minors. The Government contends that it is not required to prove knowledge of age as to any of the charges, and therefore has moved *in limine* to preclude Defendant from offering evidence or arguments regarding his knowledge of the alleged victim's ages. *See* Dkt. Nos. 124, 139. The Defendant takes the contrary view. *See* Dkt. Nos. 134, 143. For the reasons set forth below, the Government's motion is GRANTED.

## BACKGROUND

Defendant is charged in a Superseding Indictment with two counts of enticement of a minor to engage in unlawful sexual activity (Counts One and Two), in violation of 18 U.S.C. § 2422(b); one count of conspiracy to distribute controlled substances (Count Three), in violation of 21 U.S.C. § 846; two counts of distribution of controlled substances using a minor (Counts Four and Five), in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), 861(a)(1), 861(b), and

1

861(d)(1); and two counts of distribution of controlled substances to a minor (Counts Six and Seven), in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 859(a).

Counts One, Two, Four, Five, Six, and Seven arise from Defendant's activities with two minor girls—a 15-year-old (Jane Doe-1) and a 17-year-old (Jane Doe-2). For Counts One and Two, the Government alleges that Defendant persuaded, induced, and enticed Jane Doe-1 and Jane Doe-2, respectively, to engage in unlawful sexual activity, namely violations of New York Penal Law §§ 130.25(2) (third-degree rape), 130.52 (forcible touching), 130.55 (third-degree sexual abuse), and/or 130.40(2) (third-degree criminal sexual act). For Counts Four through Seven, the Government alleges that Defendant gave illegal drugs to Jane Doe-1 and Jane Doe-2 and sought to have them sell illegal drugs on his behalf. There is no dispute that each of these charges requires the Government to show that the relevant Jane Doe was underage at the time of the charged offense (under 18 years for Counts One, Two, Four and Five; under 21 years for Counts Six and Seven). The dispute is whether the Government is required to show that Defendant *knew* that the Jane Does were underage.

## DISCUSSION

### I. COUNTS ONE AND TWO

Defendant contends that knowledge of age is an element of Counts One and Two. He appears to advance two related arguments: (1) that knowledge of the victim's minority status is an element of 18 U.S.C. § 2422(b) generally; and (2) that knowledge of the victim's minority status is an element of § 2422(b) in cases where the underlying sexual activity (*i.e.*, the object of the enticement) would be lawful but for the minority status of the participant. Neither argument is correct.

### A. Knowledge of Age Is Not an Element of 18 U.S.C. § 2422(b) Generally

Counts One and Two charge violations of 18 U.S.C. § 2422(b). Subject to a jurisdictional element, § 2422(b) makes it unlawful to "knowingly persuade[], induce[], entice[], or coerce[] any individual *who has not attained the age of 18 years*, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b) (emphasis added). Although the statutory language clearly establishes knowledge as the requisite *mens rea*, it does not clearly indicate whether the knowledge requirement applies to all elements of the offense. The Court must therefore determine how to properly construe the general use of "knowingly" in the statutory text of § 2422(b).

While there is no binding precedent on the scienter requirement of § 2422(b), the Supreme Court has promulgated relevant standards. Additionally, the Second Circuit has interpreted knowledge-of-age requirements in contexts analogous to § 2422(b), and some other Circuit Courts have directly addressed the knowledge-of-age requirements in the context of § 2422(b). Taken together, these authorities support the conclusion that knowledge of age is not an element of § 2422(b) because *knowledge* of the age of the victim does not separate wrong from innocent acts in the context of § 2422(b) offenses.

#### 1. The Presumption in Favor of Scienter

The Supreme Court has instructed that when a statute includes a general scienter provision, "a word such as 'knowingly' modifies not only the words directly following it, but also those other statutory terms that 'separate wrong from innocent acts.'" *Ruan v. United States*, 597 U.S. 450, 458 (2022). This construction comports with what the Supreme Court has consistently held to be the purpose of scienter requirements: to "separate those who understand the wrongful nature of their act from those who do not." *Rehaif v. United States*, 588 U.S. 225, 231 (2019) (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72–73, n.3 (1994)).

Thus, if an element plays a role in separating innocent conduct from wrongful conduct, scienter is presumed to apply.

For example, in the context of 21 U.S.C. § 841, which makes it a federal crime "[e]xcept as authorized[,] . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance," the Government must prove that the defendant knowingly was not "authorized," even though such a requirement may not be consistent with the most natural grammatical reading of the statutory text. *See Ruan*, 597 U.S. at 468. That is because "authorization plays a crucial role in separating innocent conduct—and, in the case of doctors, socially beneficial conduct—from wrongful conduct." *Id.* at 459. Likewise, to convict a defendant under 18 U.S.C. § 924(a)(2) for "knowingly violat[ing]" § 922(g)(1) (unlawful possession of a firearm), the government must prove knowledge as to the possession of a firearm *and* knowledge as to the status that disqualifies the individual from owning a firearm. "Without knowledge of that status, a defendant may lack the intent needed to make his behavior wrongful," because "[a]ssuming compliance with ordinary licensing requirements, the possession of a gun can be entirely innocent." *Rehaif*, 588 U.S. at 226, 232.

Scienter does not necessarily apply to *all* elements of an offense. The quintessential example is a jurisdictional element, such as a required effect on interstate commerce, which generally is not subject to scienter requirements because it does not relate to the wrongfulness of the defendant's conduct. *Torres v. Lynch*, 578 U.S. 452, 467–68 (2016). Depending on the circumstances, scienter may similarly be inapplicable to more substantive elements in "special contexts" where the element does not mark the line between innocent and wrongful conduct. *See Flores-Figueroa v. United States*, 556 U.S. 646, 653 (2009); *id.* at 660 (Alito, J., concurring).

### 2. The Second Circuit's Interpretation of the Analogous Provision in 18 U.S.C. § 2423(a)

The Second Circuit has recognized such an exception in the context of 18 U.S.C. § 2423(a), which makes it a federal crime to "knowingly transport[] an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." In *United States v. Griffith*, the court held that § 2423(a) does not require knowledge of the victim's age as an element of the offense. 284 F.3d 338, 349 (2d Cir. 2002).

Acknowledging that the purpose of scienter is to separate innocent conduct from wrongful conduct, the *Griffith* court observed that "the transportation of *any* individual in interstate commerce for the purpose of prostitution [or other criminal sexual activity] is already unlawful under § 2421." *Id.* at 350. This meant that in no case could the victim's age mark the dividing line between innocent and wrongful conduct. Therefore, scienter serves no purpose as applied to the age element, and the Government need not prove knowledge of age to convict a defendant. *Id.* 350–351. This Circuit's approach is consistent with the other Circuits that have addressed the issue. *See, e.g., United States v. Washington*, 743 F.3d 938, 943 (4th Cir. 2014); *United States v. Tavares,* 705 F.3d 4, 19–20 (1st Cir. 2013); *United States v. Daniels*, 653 F.3d 399, 410 (6th Cir. 2011); *United States v. Taylor,* 239 F.3d 994, 997 (9th Cir. 2001).

Defendant suggests that a more recent Second Circuit case, *United States v. Murphy*, 942 F.3d 73, 79 (2d Cir. 2019), undermines the above analysis in *Griffith*. He relies heavily on *Murphy* to support a separate argument only as to Count One, discussed fully below, but here he cites *Murphy* as saying that even when the underlying sexual offense does not require proof of age, "the government will . . . likely have to prove that the defendant . . . knew the intended

5

victim to be under the age of 18." *Murphy*, 942 F.3d at 83. That citation is irrelevant. The cited discussion in *Murphy* did not concern general principles regarding scienter and age-based elements. It involved the very specific interplay of multiple age-related provisions in a statutory scheme that is not applicable here, including an *actus reus* of "travel with intent" and a definition of the term "illicit sexual conduct," which is not employed in either § 2423(a) or § 2422(b).

### 3. Other Circuits' Interpretations of 18 U.S.C. § 2422(b)

Although the Second Circuit has not directly addressed the scienter requirements for the age of the victim under § 2422(b), other Circuits have, and their reasoning is analogous to the approach used in *Griffith*. Relying on similar interpretations of § 2423(a), the Fourth and the Eleventh Circuits have held that § 2422(b) does not require the Government to prove knowledge of age. *See United States v. Banker*, 876 F.3d 530, 536–40 (4th Cir. 2017); *United States v. Daniels*, 685 F.3d 1237, 1246–50 (11th Cir. 2012). In their analyses, both courts recognize that any conduct that would be sufficient for conviction under § 2422(b) is necessarily already wrongful, regardless of the age of the victim. *See United States v. Daniels*, 685 F.3d at 1249 ("The criminality of the conduct defined in § 2422(b) is not dependent upon the victims' minor status as the conduct is covered by § 2422(a)."); *Banker*, 876 F.3d at 538 ("[I]t would be inconsistent with Congress' stated purpose to make it more difficult to prove a § 2422(b) offense against minors than the § 2422(a) corollary with respect to 'any individual.'"). Minority status of the victim is therefore irrelevant for the purposes of scienter. The element provides "an aggravating factor in order to provide minors with special protection" rather than a dividing line between wrongful and innocent conduct. *Banker*, 876 F.3d at 538.

These cases are distinguished from the situation in which criminality does turn on a minor victim's age. For example, in *United States v. X–Citement Video, Inc.*, the Supreme Court analyzed 18 U.S.C. § 2252, which prohibits "knowingly" transporting, shipping, receiving,

6

distributing, or reproducing a visual depiction of a minor engaging in sexually explicit conduct. 513 U.S. 64 (1994). The Court noted that because sexually explicit images involving adults generally are protected by the First Amendment, "the age of the performers is the crucial element separating legal innocence from wrongful conduct" under § 2252. *Id.* at 73. Therefore, knowledge of age is a required element of § 2252.

However, rather than distinguish *X-Citement Video*, two Circuits have relied on the case to hold that knowledge of age *is* a required element of an attempted violation of § 2422(b). *See United States v. Cote*, 504 F.3d 682, 686 (7th Cir. 2007) ("As in *X–Citement Video*, here the age of the victim is 'the crucial element separating legal innocence from wrongful conduct.'") (quoting *X–Citement Video*, 513 U.S. at 72); *United States v. Meek*, 366 F.3d 705, 718 (9th Cir. 2004) ("Following our canons of statutory interpretation, it is apparent that the term 'knowingly' refers both to the verbs—'persuades, induces, entices, or coerces'—as well as to the object—'a person who has not achieved the age of 18 years.'") (citing *X–Citement Video*, 513 U.S. at 72). Although both cases recognize a knowledge-of-age requirement for § 2422(b), they do so for the purposes of *attempted* enticement of a minor in the context of a sting operation. *See Cote*, 504 F.3d at 683; *Meek*, 366 F.3d at 709. But the two cases provide little support for a knowledge-of-age requirement in for *completed* offenses, as recognized by the Circuits that have held completed § 2422(b) offenses do not require knowledge of age, because "[t]he attempt offense puts the defendant's knowledge at issue in a different way than the completed offense, given that attempt requires proof of 'culpable intent to commit the [underlying] crime' and '[f]actual impossibility is not a defense.'" *Banker*, 876 F.3d at 539.

### 4.    Scienter Does Not Apply to the Age Element of § 2422(b)

The Court agrees with the holdings of the Fourth and Eleventh Circuits that § 2422(b) does not contain a knowledge-of-age requirement, and it finds that the analysis in those cases

7

comports with the analysis of the Second Circuit in *Griffith*. The completed enticement of a minor to engage in unlawful sexual activity presents a "special context" that counsels against a knowledge-of-age requirement in order to preserve the statute's purpose of providing additional protections for minors, not making it harder to convict those who exploit them. *Daniels*, 685 F.3d at 1248, 1250 ("A defendant . . . who lures and encourages young children into these activities does so at his own peril, regardless of what the victim says or how she appears. He runs the risk that he is dealing with someone who falls within the purview of § 2422(b), thus subjecting him to its enhanced penalties."); *see also Flores-Figueroa*, 556 U.S. at 653 (2009); *id.* at 660 (Alito, J., concurring); *X-Citement Video*, 513 U.S. at 72 n.2 ("[T]he common-law presumption of *mens rea* recognized that the presumption expressly excepted sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." (internal references omitted)). Moreover, a knowledge-of-age requirement does not serve the well-established purpose of scienter because the wrongfulness of the defendant's actions does not turn on the victim's age. Whether because the minor-related conduct (coercing, inducing, enticing or persuading another to engage in prostitution or other criminal sexual activity) described in § 2422(b) would be unlawful under § 2422(a) with respect to a victim of any age (as the Fourth and Eleventh Circuits have posited), or because § 2422(b) necessarily involves a predicate unlawful sexual act with a minor, there is no possibility for Defendant's lack of knowledge to turn his allegedly wrongful conduct into innocent conduct.[1]

---

[1] The Court is aware of no case in which a court, at any level, has held, after analysis, that a completed § 2422(b) offense requires proof that the defendant knew the victim was under 18. The Defendant points to jury instructions in *United States v. Schaffer*, 12-CR-00430 (ARR), ECF 95 (E.D.N.Y. July 9, 2014), in which the court did instruct the jury that knowledge of the victim's age was an element of a completed § 2422(b) offense. However, the Government submitted jury instructions that did not include proof of knowledge, the defense submitted jury instructions that did require such proof,

### B. Knowledge of Age Is Not an Element of 18 U.S.C. § 2422(b) When the Underlying Criminal Offense Is Statutory Rape Under New York Law

In § 2422(b), the scienter requirement is inapplicable to the age element, but Defendant advances an additional argument that does not rely on the age element at all. He argues that as to Count One, the Government must prove knowledge of age because it must prove intent to commit statutory rape—the underlying criminal sexual activity for Count One. And, the Defendant argues, since a person cannot "intend" to commit statutory rape without knowing that their sexual partner is below the age of consent, the Government must prove that Ephron knew Jane Doe-1 was under age 17 (the age of consent under New York law). This argument fails because the government need not prove that Ephron intended for his "sexual activity" to constitute a "criminal offense."

Ephron relies on *United States v. Murphy* for the proposition that the government must prove intent to commit the underlying "criminal offense." *Murphy* concerns § 2423(b), which criminalizes interstate travel for the purpose of engaging in illicit sexual conduct. It holds that where the underlying sexual conduct is illicit only because of the age of the intended sexual partner, then knowledge of age is a required element of the § 2423(b) offense. 942 F.3d at 79. That holding is inapplicable to this case because the scienter requirements of 2423(b) are wholly incomparable to the scienter requirements of § 2422(b).

The text of 2423(b) reads: "A person who travels in interstate commerce or travels into the United States . . . *with intent to engage in any illicit sexual conduct* with another person shall be fined under this title or imprisoned not more than 30 years, or both." 18 U.S.C. § 2423(b) (emphasis added). Unlike § 2422(b), the text of § 2423(b) unambiguously requires "intent to

---

and there is nothing in the accessible public record that indicates why the district court in that case adopted the defense proposal on this issue.

9

engage in any illicit sexual conduct." *See Murphy*, 942 F.3d at 79 ("By its terms, § 2423(b) criminalizes (a) the act of traveling interstate (b) for the *purpose of* engaging in illicit sexual conduct.") (internal references omitted).  What's more, it is the intent *itself* that divides wrongful conduct from innocent conduct, regardless of whether any illicit sexual conduct actually occurs.  *See id.* at 80 ("[T]he crime is complete when one travels interstate with the intent of having sex with someone under the age of 16; the crime does not require the actual sexual abuse of a minor.").

Knowledge of age is therefore necessary to distinguish criminal and innocent conduct in the context of § 2423(b).  Otherwise, a person who is mistaken about the age of a hopeful sexual partner would violate § 2423(b) simply by crossing a state line, a categorically innocent act.  It was this "absurdity" that convinced the Second Circuit that knowledge of age was a necessary element:

> Imagine that John, who is 25 years old, registers with a dating website. He sees a profile for Mary, which states that she is 21 years old. John and Mary arrange a meeting. One Saturday night, John travels from Massachusetts to New Hampshire intending to have consensual sex with Mary. If Mary was actually a 15-year-old girl posing as a 21-year-old woman, then, under the government's reading of the statute, John would have violated § 2423(b) the moment he crossed over from Massachusetts to New Hampshire. This would be so despite the fact that John traveled with the intent to have sex with someone he believed to be 21 years old. Although his intent was to have sex with an adult, because Mary was actually 15, under the government's theory he would have committed a crime punishable by up to 30 years' imprisonment. This is simply not how the statute was intended to operate.

*Id.* at 80.  In contrast, a completed § 2422(b) offense inheres no such absurdities given that unlawful sexual activity with a minor necessarily occurs.  Notably, none of the underlying criminal offenses alleged in this case require knowledge of age.  *See* N.Y. Penal Law § 15.20(3) ("[K]nowledge by the defendant of the age of such child is not an element of any . . . offense and it is not, unless expressly so provided, a defense to a prosecution therefor that the defendant did

10

not know the age of the child or believed such age to be the same as or greater than that specified in the statute."). Thus, there is no need for a scienter requirement with respect to the "criminal offense" element of § 2422(b) because the completion of the criminal offense *per se* establishes the underlying act's wrongfulness. Under the relevant law, there is no such thing as innocent sexual activity with a child. The Court sees no reason why that conclusion should differ in cases where the sexual activity is preceded by enticement.

## II.  COUNTS FOUR, FIVE, SIX, AND SEVEN

Defendant does not vigorously contest that the Government need not prove knowledge of age to convict on Counts Four through Seven. In any case, for substantially the same reasons that the charges in Counts One and Two carry no knowledge-of-age requirement, the charges in Counts Four through Seven carry no such requirement, either. Simply and obviously, the distribution of illicit drugs is never innocent, regardless of the ages of anyone involved. *See United States v. Cook*, 76 F.3d 596, 601 (4th Cir. 1996) ("[T]here is no reason to apply the presumption in favor of a knowledge requirement in this case to protect otherwise innocent conduct for the obvious reason that receiving illegal drugs is not otherwise innocent conduct.") (analyzing 18 U.S.C. § 861(a)).

## CONCLUSION

For the reasons stated above, the Court concludes that none of the charges in this case require the Government to prove beyond a reasonable doubt that the Defendant knew the ages of either Jane Doe. Accordingly, it is hereby ORDERED that the Defendant may not present evidence or argument that he did not know the ages of Jane Doe-1 or Jane Doe-2, or that he was mistaken about their ages.

Dated: March 28, 2025
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge