UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                                        :

UNITED STATES OF AMERICA

                                                                                        :     PRELIMINARY ORDER OF

            - v. -                                                FORFEITURE AS TO

                                                                                       :     <u>SPECIFIC PROPERTY</u>

SHYMELL EPHRON,

                                                                                       :     S2 24 Cr. 418 (MMG)

                Defendant.

                                                                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 21, 2025, SHYMELL EPHRON (the "Defendant"), was charged in a seven-count Superseding Indictment, S2 24 Cr. 418 (MMG) (the "Indictment"), with coercion and enticement of a minor, in violation of Title 18, United States Code, Section 2422(b) (Counts One and Two); conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846 (Count Three); distribution of a controlled substance using a minor, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C), 861(a)(1), 861(b), and 861(d)(1) (Counts Four and Five); and distribution of a controlled substance to a minor in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C), and 859(a) (Counts Six and Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 2428, of any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Indictment and any and all property, real and personal, that was used or intended to be used to commit or facilitate the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the

amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Three through Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Three through Seven of the Indictment and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts Three through Seven of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Three through Seven of the Indictment;

WHEREAS, on or about June 6, 2024, the Government seized an iPhone 12, IMEI 353503758427724 from Defendant's apartment located on 148th Street, Manhattan, New York 10039 (the "Specific Property");

WHEREAS, on or about April 21, 2025, following a jury trial, the Defendant was found guilty of Counts One, Two, Three, Six, and Seven of the Indictment;

WHEREAS, the Government asserts the Specific Property constitutes property used or intended to be used in the offenses charged in Counts One, Two, Three, Six, and Seven of the Indictment;

WHEREAS, the Government seeks the forfeiture of all right, title and interest of the Defendant in the Specific Property to the Government; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now

entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Two, Three, Six, and Seven of the Indictment, of which the Defendant was convicted, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant SHYMELL EPHRON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States Marshals Service is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

       5.       The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

       6.       Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

       7.       Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

       8.       Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____      10/17/2025
HONORABLE MARGARET M. GARNETT     DATE
UNITED STATES DISTRICT JUDGE